United States District Court
Southern District of Texas
**ENTERED**
December 09, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO ALVAREZ, SPN #02935453, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-3835 |
| J. GLAZE, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Roberto Alvarez (SPN #02935453), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning criminal charges that are pending against him in state court. Because Alvarez is a prisoner who proceeds <u>in forma pauperis,</u> the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

**I. Background**

On June 23, 2022, Alvarez was hiding in a utility shed behind a residence in Harris County when the door opened and a police K-9

unit was sent inside by his handler.[1]  Alvarez claims that the police dog attacked him and that he was bitten multiple times.[2]  He claims further that Officer J. Glaze of the Harris County Constable's Office punched him in the head while he was being bitten by the dog.[3]  After he was subdued and placed in handcuffs Alvarez was taken to the hospital where he received 13 stitches in his chest and shoulder.[4]  Invoking 42 U.S.C. § 1983, Alvarez sues Officer Glaze and the police K-9 who bit him.[5]  Alvarez seeks monetary damages and he also seeks injunctive relief from indictments that are now pending against him in state court as a result of this incident.[6]

Public records from the Harris County District Clerk's Office show that a grand jury has returned an indictment against Alvarez for evading arrest in Case No. 177596301010.[7]  The charges in that

---

[1] Complaint, Docket Entry No. 1, p. 4.  For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2] Id.

[3] Id.

[4] Id.

[5] Id. at 3.

[6] Id. at 4.

[7] "[A] district court may properly take judicial notice of public state court records." Stiel v. Heritage Numismatic Auctions, Inc., 816 F. App'x 888, 893 (5th Cir. 2020) (per curiam); see also Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of
(continued...)

case stem from the incident described in the Complaint, which occurred on June 23, 2022. Alvarez is also charged with assault on a peace officer in Case No. 177596401010. The indictment states that Alvarez assaulted Officer Glaze by kicking him while Glaze was acting as a peace officer lawfully discharging an official duty. These indictments remain pending against Alvarez in the 176th District Court of Harris County, Texas.

## II. Discussion

A.  Claims Against the Police K-9

Alvarez sues the police K-9 who reportedly bit him multiple times in the chest and shoulders while he was attempting to evade arrest.[8] "To state a claim under [42 U.S.C. § 1983], a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted). A dog is not considered a "person" within the meaning of the statute. See 1 U.S.C. § 1 (defining "persons" to

---

[7](...continued)
publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand."). The indictments and other state court records referenced in this paragraph are available from the Harris County District Clerk's Office, at: https://www.hcdistrictclerk.com (last visited Dec. 8, 2022).

[8]Complaint, Docket Entry No. 1, p. 3.

include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals," but not dogs); Dye v. Wargo, 253 F.3d 296, 299-300 (7th Cir. 2001) (holding that a police "dog is not a proper defendant in litigation under § 1983"). Therefore, Alvarez's claim against the police dog who bit him will be dismissed as frivolous.

B.  Request for Dismissal of Criminal Charges

To the extent that Alvarez seeks dismissal of his state criminal charges and release from custody, his claim is not cognizable under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Wilkinson v. Dotson, 125 S. Ct. 1242, 1245 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.") (internal quotation marks and citation omitted). There is no other apparent basis to intervene or interfere with Alvarez's ongoing criminal proceeding.[9] Accordingly, his request for injunctive relief related to the pending charges will be

---

[9] See Younger v. Harris, 91 S. Ct. 746, 750-51 (1971)(federal courts cannot interfere in ongoing state criminal proceedings unless extraordinary circumstances are present).

dismissed for failure to state a claim for which relief may be granted under 42 U.S.C. § 1983.

C.  The Rule in Heck v. Humphrey

In addition, Alvarez's claim for monetary damages stemming from the force used during his arrest is precluded by the rule in Heck v. Humphrey, 114 S. Ct. 2364 (1994). Under this rule a civil rights plaintiff cannot recover money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck, 114 S. Ct. at 2372.

Alvarez's allegation that excessive force was used during his arrest implicates the validity of the assault charges that are pending against him, which involve Officer Glaze. See DeLeon v. City of Corpus Christi, 488 F.3d 649, 656-57 (5th Cir. 2007) (holding that an excessive-force claim was barred by Heck where plaintiff's version of events was inconsistent with, and not separable from, the facts underlying his conviction). Because these criminal charges remain pending, Alvarez's claim against Officer Glaze is barred from consideration and will be dismissed

with prejudice to being asserted again until after the conditions described in Heck are met. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (observing that this kind of dismissal "do[es] not preclude a later claim meeting the preconditions for suit" outlined in Heck); see also Cook v. City of Tyler, Texas, 974 F.3d 537, 539 (5th Cir. 2020). Absent a valid claim for relief, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Roberto Alvarez (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous and for failure to state a claim upon which relief may be granted.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.   The Clerk will also send a copy of this Memorandum Opinion and Order to the Three-Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on this 9th day of December 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE